## J. B. COVINGTON, ET AL., *v.* C. G. SHANKLIN.

**Will—Construction.**

> Where a clause in a will provides that "should any one of my children depart this life without issue of their body, it is my wish that their part of my estate revert to their surviving brothers and sisters," it is held it should be construed to mean the death of the legatee (child) after that of the testator and before the time of distribution, or when the legacy may be reduced to possession.

### APPEAL FROM TODD CIRCUIT COURT.

February 2, 1875.

OPINION BY JUDGE PRYOR:

The will of Beverly Stubble, under which these appellants claim, gives to each one of his children as they arrive at age or marry, the one-ninth part of his estate, except the land owned by him at his death. This is given to his wife during her life or widowhood, and if she again marries she is limited to a certain number of acres described by the provision of the will. The executors, in the event of the wife's marriage, were directed to sell all the land except that part the widow had a right to retain, and pay the proceeds over to his children; and not only so, but after his wife's death they were directed to sell that portion devised to her, and pay over the proceeds to his children. He had converted this real estate into money by three particular clauses of his will, and this money to be paid in equal portions to his children, without any restriction whatever. After making the devises above, the testator then adds the following clause: "Should any one of my children depart this life without issue of their body, it is my wish that their part of my estate revert to their surviving brothers and sisters."

When considering the directions given his executors as to the payment of the money or proceeds of the land to his children, the thought, no doubt, suggested itself as to what disposition should be made of the portion going to one of the children if he or she should die before the time arrives at which the executors are to pay over to this child his or her part of the estate; and intending that the directions should be plain and explicit, and that his children should enjoy the estate, he inserted that provision of the will giving the portion of the deceased child or children to the survivors. The devisor, when directing this money to be paid over to his children and giving to each one-ninth part of his estate, never intended to so restrict the devise as to make the title of the devisee doubtful, and to depend upon issue born and alive at the death of the devisor. The contingency provided against was the death of the child when the executors came to make the distribution, or when the children were entitled to the estate.

The case of *Birney v. Richardson and Ford*, 5 Dana 424, is analogous in every particular to the one before us. In that case the rule for construing a similar clause in the will of Thomas Richardson was as follows: "In such a case, the simple, unexplained words, 'dying without issue,' will, according to a general and well established rule, be construed as meaning the death of the legatee after that of the testator and before the time of distribution, or when the legacy may be reduced to possession." The death must be during the particular estate, and such should be the construction in this case, for the additional reason that the testator had made absolute gifts of portions of his estate to some of his children, and by his will, in order to equalize his children, required those to whom he had given this estate to surrender it, and upon their failure to do so, they were excluded from the benefits of its provisions. This the children who had the property converted to, and surrendered what they owned in order to accept the provisions of the will. There had been no limitation placed upon the right of the children over the property already given, nor did the devisor intend to restrict it by the provisions of his will.

The appellee, however, manifests no title to the land in controversy. The will recorded in Tennessee is no evidence of title in this state, unless proven in the manner pointed out by the statute. As the record is now presented, the appellants being the brothers and sisters of William Raymond, or claiming through them, are entitled to the land as against the appellee. Upon the return of the

cause, the appellee should be allowed to amend his pleadings and present his title, if he is able to do so. This court considering it proper on the facts of the case to construe the clause of the will in controversy, in order to prevent further litigation in the event the title of the appellee is made to appear, the judgment is *reversed* and cause remanded for further proceedings consistent with the opinion.

*Petrie & Reeves, for appellants.*
*Terry, J. & J. W. Rodman, for appellee.*